SCANNED

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CYNTHIA S. WILLS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SEACOAST RV RESORT LLC, ) <br> a Maine Limited Liability Company ) <br> ) <br> LINDA L. MAILHOT, individual ) <br> MICHAEL G. MAILHOT, individual) <br> (and husband and wife) ) <br> ) <br> RUSSELL L. JACHE, individual ) <br> _____ ) | CIVIL ACTION NO. 2:13-cv-210 DBH |

## COMPLAINT AND REQUEST FOR A JURY TRIAL

Plaintiff, Cynthia S. Wills alleges:

1. This action is brought by the Plaintiff, Cynthia S. Wills, pro se and hereby makes complaint and request for a jury trial against Defendants Seacoast RV Resort LLC, Linda L. Mailhot, Michael G. Mailhot and Russell L. Jache alleging as follows:

This action seeks to enforce provisions of Title VIII of the Civil Rights Act of 1968, as amended by The Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 to 3619 ("The Fair Housing Act").

2. This Court has jurisdiction over this action under 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b) because the actions giving rise to the Plaintiff, Cynthia S. Wills' allegations occurred in the District of Maine, the property that is the subject of the lawsuit is located in the District of Maine, the Defendants reside in the District of Maine and the Defendant Seacoast RV Resort LLC does business in the District of Maine.

4. Defendants Linda L. Mailhot and Michael G. Mailhot reside in Old Orchard Beach, Maine. Seacost RV Resort LLC does business in the District of Maine. Russell L. Jache as Park Manager of Seacost Resort Community at the time of alleged resided in Old Orchard Beach, Maine. During part of or all times relevant to this action, Linda L. Mailhot and Michael G. Mailhot owned Seacoast RV Resort LLC, also known as Seacoast Resort Community, 1 Seacoast Lane, Old Orchard Beach, Maine, subject property.

5. Plaintiff, Cynthia S. Wills is an individual and at the time of alleged, a resident of the Town of Old Orchard Beach, Maine and currently resides in Cumberland County, Maine, South Portland.

6. Defendant Seacoast RV Resort LLC, is upon information and belief a company organized and existing under and by virtue of the laws of the State of Maine, doing business in the District of Maine, York County, hereinafter Seacoast.

7. Defendant Russell L. Jache is an individual and upon information and belief at the time of alleged, a resident of Old Orchard Beach, York County, District of Maine and/or Bedford, New Hampshire. At all times relevant, Defendant Jache was the Property Manager for, and an employee of, Seacoast.

8. Defendants Linda L. Mailhot and Michael G. Mailhot (collectively "the Mailhots") are individuals and, upon information and belief, husband and wife and residents of Old Orchard Beach, York County, District of Maine and own and operate Defendant Seacoast.

9. Seacoast operates a gated Resort Community providing seasonal accommodations between May 1 and October 31 annually. Seacoast rents lot space to individuals who purchase Park Model Homes. Plaintiffs' home falls within the ordinary meaning of 'residence' and must be considered dwellings for purposes of The Fair Housing Act. U.S. v. Columbus Country Club, 915 F. 2d 877, 811 (3rd cir. 1990), A "Housing Accommodation" is a building or land used for "residential purposes". 5 M.R.S. § 4553 (6). Park Model Homes at Seacoast Resort Community are like camps or cottages with one to three bedrooms, attached sunroom and deck on concrete slabs. Residents return year after year, for the six month season that begins May 1 and ends October 31. There is an annual lease for rental of the lot and leases are annually renewed. Aforementioned attributes are similar to country club summer homes deemed to meet the definition of a "dwelling" under the federal Fair Housing Act by the Third Circuit in 1990.

10. In 2010, Plaintiff, Cynthia S. Wills purchased a Park Model Home, sunroom and deck, from Defendants Seacoast and/or the Mailhots. Plaintiff Wills resided by lease at Seacoast at Seacoast for the 2010, 2011 and 2012 seasons. In October 2012, Plaintiff, Cynthia S. Wills initiated a complaint with the United States Department of Housing and Urban Development, which was accepted by that agency and referred by law to the Maine Human Rights Commission, asserting that she suffered sexual harassment, retaliation and housing discrimination by Defendants Jache, Mailhots and/or Seacoast and that her non-renewal was retaliation for complaining of the sexual harassment, retaliation and discrimination by Defendants Jache, Mailhots and/or Seacoast and that her non-renewal was retaliation for complaining of the sexual harassment, retaliation and discrimination. In October 2012, Defendants Seacoast and/or the Mailhots notified that Ms. Wills' lease would not be renewed for the 2013 season.

11. At all times relevant to this action, Russell L. Jache controlled the management of the subject property including, but not limited to, showing available units for sale and lots for rent to prospective buyers and/or tenants, managing tool supply for tenants, provided onsite live in 24 hour security, opened and closed park gates, cleaning clubhouse, providing change for laundry facilities, grounds maintenance, assisted tenants in various setup tasks,

hosting parties, hosting pit fires, enforcing tenancy rules, reprimanding tenants, reading, recording and delivery of electrical meter and subsequent statements, lawn maintenance, cleaning pool, accepting requests for repairs, etc.

12. Plaintiff alleges that Park Manager, Russell L. Jache subjected her to sexual harassment and retaliation in housing for rebuffing his sexual advances. Plaintiff alleges that owners of Seacoast RV Resort LLC, Linda L. Mailhot and Michael G. Mailhot are liable for subjecting her to sexual harassment and retaliation and discrimination committed by Russell L. Jache, Property Manager and that they retaliated and discriminated against her for complaining about sexual harassment, retaliation and discrimination by not renewing her lease. Plaintiff lived at Seacoast Resort Community during the 2010, 2011 and 2012 seasons.

13. From at least September 2010 to October 31, 2011, Russell L. Jache subjected Plaintiff, Cynthia S. Wills, tenant of the subject property to discrimination on the basis of sex, including severe, pervasive, and unwelcome sexual harassment. The harassment included, but was not limited to:

A. Making unwelcome sexual advances and unwelcome sexual comments to the plaintiff;
B. Soliciting sexual favors in exchange for tenant benefits;
C. Making sexual advances once benefits were offered or granted;
D. Exposing genitals to plaintiff;
E. Unwanted sexual touching and making sexual gestures;
F. Repeated and unwelcome sexual comments;
G. Appearing at Plaintiffs home at all hours to make sexual advances;
H. Failing to respond to Plaintiffs complaints about sexual harassment;.
I. Denial of and granting of tangible rental benefits, including, but not limited to, reducing or increasing electrical bills and reducing or increasing boundary lot size based on sex;
J. Taking adverse action against Plaintiff, including, but not limited to, denying access to tenant benefits, sabotaging Plaintiffs landscaping work, increasing electrical bills and denying boundary lot size when she objected to sexual advances and/or sexual conduct.

14. Dates of alleged discrimination for Russell L. Jache, ongoing through October 15, 2012. Dates of alleged discrimination for Seacoast RV Resort LLC, Linda L. Mailhot and Michael G. Mailhot, ongoing through October 15, 2012. Russell L. Jache, Park Manager is subject to the federal Fair Housing Act, as well as, federal housing regulations. Owners Seacoast RV Resort LLC, Linda L. Mailhot and Michael G. Mailhot are subject to the federal Fair Housing Act, as well as, federal housing regulations.
15. Russell L. Jache used intimidation tactics to prevent the Plaintiff from complaining about the sexual harassment, retaliation and discriminatory conduct. Linda L. Mailhot and Michael G. Mailhot and/or Seacoast used intimidation tactics to prevent the Plaintiff from filing a U.S. Dept. Housing and Urban Development housing discrimination complaint and/or a M.H.R.C. Housing discrimination complaint.
16. Linda L. Mailhot and Michael G. Mailhot continue to have an ownership interest in the subject property in Old Orchard Beach, Maine.
17. Russell L. Jaches', Linda L. Mailhots', Michael G. Mailhots' and Seacoasts' conduct described above constitutes:
a. A denial of housing or making housing unavailable because of sex, in violation of Section 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a);

   b. Discrimination in the terms, conditions, or privileges of the rental of dwelling lots, or in the provision of services or facilities in connection therewith, because of sex, in violation of Section 804(b) of the Fair Housing Act, 42 U.S.C. § 3604(b);
   c. The making of statements with respect to the rental of dwelling lots that indicate a preference, limitation, or discrimination based on sex, in violation of Section 804(c) of the Fair Housing Act, 42 U.S.C. § 3604(c); and
   d. Coercion, intimidation, threats, or interference with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights under Section 804 of the Fair Housing Act, in violation of Section 818 of the Fair Housing Act, 42 U.S.C. § 3617.
18. "A hostile housing enviornment claim is analyzed similarly to a hostile work enviornment claim, e.g. Neudecker v. Boisclain Corp., 351F.3d 361, 364-365 (8th cir. 2003). Dicensov Cisneros, 96 F.3d 1004, 1008 (7th cir. 1996); Honce v. Vigil, 1F.3d; 1085, 1090 (10th cir. 1993). Such a claim is actionable when unwelcome behavior because of a protected class status unreasonably interferes with Plaintiffs' use and enjoyment of the premises, Honce, 1F.3d at 1090. Cf. M.H.R.C. Reg. § 3.06 (I) (1) (July 17, 1999) (employment). Hostile enviornment claims involve repeated or intense harassment sufficiently severe or pervasive to create an abusive enviornment. Doyle v. Dept. of Human Services., 2003 ME 61, ¶ 23, 824 A.2d 48, 57 (employment case). In determining whether an actionable hostile housing enviornment exists, it is necessary to view all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance...Doyle, 2003." ME 61, ¶ 23, 824 A.2d at 57. It is not necessary that the inappropriate conduct occur more than once so long as it is severe enough to cause the housing enviornment to become hostile or abusive. Id; Nadeau v. Rainbow Rugs, 675 A.2d 973, 976 (Me. 1996) (employment). The standard requires an objectively hostile abusive enviornment—one that a reasonable person would find hostile or abusive—as well as the victims subjective perception that the enviornment is abusive. Nadeau, 675 A.2d at 976. The fact that the conduct complained of is unwelcome must be communicated directly or indirectly to the perpetrator of the conduct, Lipsett v. University of Puerto Rico, 864 F.2d 881, 898 (1st cir. 1988) (employment).
19. Russell L. Jaches', Linda L. Mailhots', Michael G. Mailhots' and/or Seacoasts' conduct described above consitutes:
   a. A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601 et seq.; and
   b. A denial to the Plaintiff of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601 et seq.
20. The Plaintiff was injured by Russell L. Jaches', Linda L. Mailhots', Michael G. Mailhots' and/or Seacoasts' discriminatory conduct. The Plaintiff is an aggrieved person as defined in 42 U.S.C. §§ 3602(i), and has suffered damages as a result of Russell L. Jaches', Linda L. Mailhots', Michael G. Mailhots' and/or Seacoasts' conduct.
21. Russell L. Jaches', Linda L. Mailhots', Michael G. Mailhots' and/or Seacoasts' conduct was intentional, malicious, willfull and/or taken in reckless disregard for the Plaintiffs rights. "In order to establish a prima facie case of retaliation, Plaintiff must show that she engaged in a statutorily protected activity, she was the subject of a materially adverse action and there was a casual link between the protected activity and the adverse action. Doyle v. Dept. of Human Services., 2003 ME 61, 9120, 824 A.2d 48, 56 (employment case); Burlington Northern and Santa Fe Ry. v. White , 126 s. ct. 2405 (2006) (same). The term "materially adverse action" covers actions that are harmful to the point that they would dissuade a reasonable person from making or supporting a charge of discrimination. Burlington Northern, 1265. ct. 2405. One method of proving the casual link is if the adverse action happens in close proximity to the protected conduct".

    22. COUNT I (Fraud)
Plaintiff Wills repeats and realleges each and every allegation set forth in Paragraphs above, inclusive ,with the full force and effect as if set forth fully herein.

Defendants Seacoast and Linda L. Mailhot and Michael G. Mailhot, with foreknowledge of the falsity of their statements and representations, knowingly misstated and misrepresented to Plaintiff in the course of her purchase of the said Park Model Home that she was essentially buying a permanent seasonal home when, in fact, she was not.

Defendants' fraudulent statements and representations were made with the intention that the Plaintiff would rely upon same to her detriment.

Plaintiff did, in fact, rely upon the said fraudulent statements and representations to her detriment.

Plaintiff has suffered damage by virtue of the Defendants fraud.

    23. COUNT II (Negligent Misrepresentation)
Plaintiff Wills repeats and realleges each and every allegation set forth in Paragraphs above, inclusive, with the full force and effect as if set forth fully herein.

Defendants Seacoast and Linda L. Mailhot and Michael G. Mailhot owed a duty of due care to Plaintiff to be careful in connection with its representations surrounding Plaintiffs purchase of her said Park Model Home.

Notwithstanding and in violation of such duty, said Defendants negligently misstated and misrepresented to Plaintiff in the course of her purchase of the said Park Model Home that she was essentially buying a permanent seasonal home when, in fact, she was not.

Defendants' foregoing actions/statements were negligent and Plaintiff relied upon such misstatements and misrepresentations to her detriment.

By reason of the foregoing negligence, Plaintiff has been damaged.

    24. COUNT III (Negligent or Intentional Infliction of Physical and Emotional Distress)
Plaintiff Wills repeats and realleges each and every allegation set forth in Paragraphs above, inclusive, with the full force and effect as if set forth fully herein.

Defendant Jache sexually harassed Plaintiff.

Defendants Seacoast and Linda L. Mailhot and Michael G. Mailhot retaliated against Plaintiff for her reportage of the said sexual harassment to the U.S.D.H.U.D and M.H.R.C. By terminating her rental, thus reducing the value of her Park Model Home causing the destruction/dislocation of numerous personal improvements made by her to the property.

By virtue of both the sexual harassment and subsequent retaliatory termination of her rental, Defendants have intentionally or recklessly, or negligently, committed extreme and outrageous conduct or their conduct was by its nature certain or substantially certain to cause severe physical and emotional distress.

To the extent that Defendants' conduct was intentional or reckless, Defendants' conduct was so extreme and outrageous as to exceed all possible bounds of decency.

By virtue of the said conduct, Plaintiff has suffered severe physical and emotional distress.

The said physical and emotional distress was so severe that no reasonable individual could be expected to endure it.

By virtue of the foregoing, Plaintiff has been damaged.

    25. COUNT IV (Housing Discrimination)
Plaintiff Wills repeats and realleges each and every allegation set forth in Paragraphs above, inclusive, with the full force and effect as if set forth fully herein.

By virtue of the foregoing, Defendants have committed housing discrimination against Plaintiff as same as is defined upon applicable provisions of both federal and state law.

By virtue of such housing discrimination, Plaintiff has been damaged.

    26. COUNT V (Unfair Trade Practices Act)
Plaintiff Wills repeats and realleges each and every allegation set forth in Paragraphs above, inclusive, with the full force and effect as if set forth fully herein.

Defendants Seacoast, Linda L. Mailhot and Michael G. Mailhot have engaged in unfair and deceptive trade practices in their dealings with Plaintiff.

By virtue of the foregoing, Plaintiff has been damaged.

    27. COUNT VI (Malice/Punitive Damages)
Plaintiff Wills repeats and realleges each and every allegation set forth in Paragraphs above, inclusive, with the full force and effect as if set forth fully herein.

Defendants have acted with malice towards Plaintiff or, alternatively, the actions of the Defendants have been of such an egregious and outrageous character and nature that malice can be inferred therefrom or malice is implied therein.

WHEREFORE, Plaintiff Cynthia S. Wills demands judgement against Defendants Seacoast RV Resort LLC, Russell L. Jache, Linda L. Mailhot and Michael G. Mailhot in an amount which will fairly compensate her, together with her interest and costs and punitive, exemplary damages, together with such other, further and additional relief as the Court deems just and appropriate. WHEREFORE, the Plaintiff prays the Court enter an ORDER that:
1. Declares that Russell L. Jache'. Linda L. Mailhots', Michael G. Mailhots and/or Seacoasts' discriminatory practices violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 et seq.;
2. Enjoin Russell L. Jache, Linda L. Mailhot, Michael G. Mailhot and/or Seacoast from interfereing with or threatening to take any action against any person in the exercise or enjoyment of rights granted or protected by the Fair Housing Act, as amended; and
3. Award monetary damages to the Plaintiff, aggrieved by Russell L. Jaches', Linda L. Mailhots', Michael G. Mailhots' and/or Seacoasts' discriminatory conduct, pursuant to 42 U.S.C. § 3614(d)(1)(B);

The Plaintiff, Cynthia S. Wills further prays for such additional relief as the interests of justice may require.

Dated: June 04, 2013 at Maine

Respectfully submitted,

*Cynthia S. Wills*

Cynthia S. Wills, Pro se
P.O. Box 6820
Scarborough, Maine 04070
207-838-2143