UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CYNTHIA S. WILLS,            )
                             )
    Plaintiff,              )
                             )
                             )
v.                           )
                             )    2:13-cv-00210-DBH
                             )
SEACOAST RV RESORT,          )
LLC, et al.,                 )
                             )
    Defendants              )

# ORDER
# ON PLAINTIFF'S MOTION TO ENLARGE
# TIME TO JOIN ADDITIONAL PARTIES
# (ECF NO. 62)

This matter is before the Court on Plaintiff's "Motion to Enlarge Plaintiff to Join additional parties as Plaintiffs." (*See* ECF No. 61 at 2; ECF No. 62.)

In its December 2, 2013, Scheduling Order, the Court designated September 30, 2013, as the deadline for the parties to amend the pleadings and join additional parties. On September 26, 2013, Plaintiff filed a motion to amend the complaint and to join additional defendants. The Court granted Plaintiff's motion on October 7, 2013. On February 18, 2014, as part of her response to Defendant Saco & Biddeford Savings Institution's Motion to Enlarge Expert Witness Designation Deadline, Plaintiff included the current motion.

To obtain an amendment of the Scheduling Order, a party must demonstrate good cause. *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed. R. Civ. P. 16(b)(4). A court's decision on good cause "focuses on the diligence (or lack thereof) of the moving party more than

1

it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004).

Although in the pending motion Plaintiff seeks to join additional parties, Plaintiff does not identify the potential parties, nor does she explain the bases for the joinder of the parties. Furthermore, Plaintiff fails to provide a persuasive argument to support an amendment of the pleadings six months after the court-established deadline for amendment of the pleadings and joinder of parties.

In short, Plaintiff has not convinced the Court that the requested relief is warranted. Accordingly, the Court denies Plaintiff's "Motion to Enlarge Plaintiff to Join additional parties as Plaintiffs." [1]

CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

April 1, 2014    /s/ John C. Nivison
                 U.S. Magistrate Judge

---

[1] Through the motion, Plaintiff also requests that the Court "Order Defendants Seacoast et. al. and SBSI to provide the names of residents at Seacoast Resort Community both past and present whose loans reside with Defendant SBSI." (ECF No. 61 at 2.) To the extent that Plaintiff is asking the Court to compel Defendant Saco & Biddeford Savings Institution to produce identifying information regarding some of its clients who are not parties to this action, the information is not reasonably calculated to lead to the discovery of admissible evidence. The Court thus denies Plaintiff's request.